IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICHOLAS FUNARI, SR.,**<br>            **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **MICHAEL FUNARI,**<br>**JOSEPH FUNARI,**<br>**NICHOLAS FUNARI, JR.,**<br>**THERESA FUNARI, and**<br>**ANTHONY RUBBO,**<br>            **Defendants.** | **NO.  19-2833** |

## O R D E R

**AND NOW**, this 18th day of February, 2020, upon consideration of plaintiff's Motion to Dismiss Counterclaim (Doc. No. 7, filed August 28, 2019); Defendants', Nicholas Funari, Jr., Michael Funari and Joseph Funari's Response to Plaintiff's Motion to Dismiss Counterclaims (Doc. No. 9, filed September 8, 2019); Defendant, Anthony Rubbo's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) and 12(b)(1), F. R. Civ. P. (Doc. No. 10, filed September 12, 2019); Plaintiff Nicholas Funari, Sr.'s Response in Opposition to Defendant Anthony Rubbo's Motion to Dismiss (Doc. No. 11, filed September 26, 2019); Defendant, Anthony Rubbo's Reply Memorandum in Response to Plaintiff's Answer to Defendant's Motion to Dismiss Under Rule 12(b)(6) and 12(b)(1), F. R. Civ. P. (Doc. No. 12, filed October 2, 2019); Plaintiff Nicholas Funari, Sr.'s Surreply in Opposition to Defendant Anthony Rubbo's Motion to Dismiss (Doc. No. 13, filed October 8, 2019); Defendant, Theresa Funari's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) and 12(b)(1), F. R. Civ. P. (Doc. No. 15, filed October 28, 2019); Plaintiff Nicholas Funari, Sr.'s Response in Opposition to Defendant Theresa Funari's Motion to Dismiss (Doc. No. 16, filed November 11, 2019); **IT IS ORDERED** as follows:

1. Plaintiff's Motion to Dismiss Counterclaim is **GRANTED** as follows:

    a. That part of plaintiff's Motion seeking to dismiss Nicholas Funari, Jr. and

Michael Funari's forgery counterclaims is **GRANTED**. The forgery counterclaims of Nicholas Funari, Jr. and Michael Funari in Counts I and III-VII are **DISMISSED WITH PREJUDICE**;

   b. That part of plaintiff's Motion seeking to dismiss Joseph Funari's forgery counterclaims is **GRANTED**. The forgery counterclaims of Joseph Funari in Counts I and III-VI are **DISMISSED WITH PREJUDICE**;

   c. That part of plaintiff's Motion seeking to dismiss Nicholas Funari, Jr., and Michael Funari's conversion counterclaims is **GRANTED**. Nicholas Funari, Jr. and Michael Funari's conversion counterclaims in Counts II-VII are **DISMISSED WITHOUT PREJUDICE** to the right of defendants Nicholas Funari, Jr. and Michael Funari to file an amended counterclaim within twenty (20) days if warranted by the facts and the law as stated in this Order; and

   d. That part of plaintiff's Motion seeking to dismiss Joseph Funari's conversion counterclaims is **GRANTED**. Joseph Funari's conversion counterclaims in Counts II-VI are **DISMISSED WITHOUT PREJUDICE** to the right of defendant Joseph Funari to file an amended counterclaim within twenty (20) days if warranted by the facts and the law as stated in this Order.

2. Defendant Anthony Rubbo's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) and 12(b)(1), F. R. Civ. P. is **DENIED**.

3. Defendant Theresa Funari's Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) and 12(b)(1), F. R. Civ. P. is **DENIED**.

   **IT IS FURTHER ORDERED** that a preliminary pretrial conference will be scheduled in due course.

The decision of the Court is based on the following:

I.     **BACKGROUND**

Plaintiff Nicholas Funari, Sr. alleges that defendants engaged in a scheme to divest him of his interests in various properties. Compl. ¶ 1. Plaintiff brings claims under the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, against Michael Funari, Joseph Funari, and Nicholas Funari, Jr. (Counts I & II). He also brings claims against those defendants and Anthony Rubbo and Theresa Funari to quiet title (Count III), for declaratory judgment (Counts IV & VII), conversion (Count V), conspiracy to commit conversion (Count VI), unjust enrichment (Count VIII), breach of fiduciary duty (Count IX), breach of the covenant of good faith and fair dealing (Count X), and constructive trust (Count XI). Compl. ¶¶ 131-219.

On August 6, 2019, Joseph Funari answered and asserted counterclaims against plaintiff for forgery and conversion. Def. J. Funari's Answer ¶¶ 219-34. On August 28, 2019, Nicholas Funari, Jr. and Michael Funari also answered and asserted counterclaims for forgery and conversion.[1] Defs. N. Funari, Jr. & M. Funari Answer ¶¶ 219-36. Plaintiff filed a Motion to Dismiss Counterclaim on August 28, 2019, and defendants responded on September 8, 2019.

On September 12, 2019, Anthony Rubbo filed a Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) and 12(b)(1), F. R. Civ. P., and plaintiff responded on September 26, 2019. Defendant filed a Reply on October 2, 2019, and plaintiff filed a Surreply on October 8, 2019.

On October 28, 2019, Theresa Funari filed a Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(6) and 12(b)(1), F. R. Civ. P.,[2] and plaintiff responded on November 11, 2019.

The motions are thus ripe for review.

---

[1] The Court notes that two identical copies of this joint Answer were erroneously docketed on ECF and labeled as separate filings on behalf of Nicholas Funari, Jr. and Michael Funari (Doc. Nos. 5 & 6).

[2] Defendant Theresa Funari did not attach a memorandum in support of her motion, but instead joined in the motion and memorandum filed by Anthony Rubbo.

3

## II.     PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

### A. Defendants' Forgery Counterclaims

Plaintiff contends that Joseph Funari's forgery counterclaims (Counts I and III-VI) and Nicholas Funari Jr. and Michael Funari's forgery counterclaims (Counts I and III-VII)[3] improperly seek relief in a civil forum for alleged criminal acts. Pl.'s Mot. Dismiss Countercl. 5-6. The Court agrees. "No private civil cause of action for forgery exists in Pennsylvania." *Page v. Doyle*, No. 18-609, 2018 WL 2976374, at *5 (E.D. Pa. June 12, 2018) (citing *Robinson v. Coyle*, No. 700 MDA 2014, 2015 WL 6159415, at *5 (Pa. Super. Ct. Apr. 28, 2015)). Accordingly, the Court dismisses defendants' forgery counterclaims against plaintiff with prejudice.

### B. Defendants' Conversion Counterclaims

Plaintiff contends that Joseph Funari's conversion counterclaims (Counts II-VI) and Nicholas Funari Jr. and Michael Funari's conversion counterclaims (Counts II-VII) are time-barred. Pl.'s Mot. Dismiss Countercl. 8-9. Defendants respond that the statute of limitations defense should not be considered at this stage, and further argue that Pennsylvania allows an exception to the statute of limitations "where a continuing course of fraud is alleged." Defs.' Resp. 8-10 (citing 42 Pa. Cons. Stat. § 5504(d)). The Court agrees with plaintiff.

A limitations defense may be raised by motion under Rule 12(b)(6) if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal citations omitted). In Pennsylvania there is a two-year statute of limitations for claims of conversion. 42 Pa. Cons. Stat. § 5524(3). The cause of action for such claims accrues "when the plaintiff could have first

---

[3] The Court notes that Count VII is erroneously labeled as "Count VI" in defendants' Answer.

4

maintained the action to a successful conclusion." *Douglas v. Joseph*, 656 F. App'x 602, 605 (3d Cir. 2016) (quoting *Kapil v. Ass'n of Pa. State Coll. & Univ. Faculties*, 504 Pa. 92, 99 (1983)). As such, defendants' claims for conversion accrued when they were injured by plaintiff's allegedly unauthorized withdrawals—all of which are alleged to have occurred from 2006 to 2009. Def. J. Funari's Answer ¶¶ 224-34; Defs. N. Funari, Jr. & M. Funari Answer ¶¶ 224-36. Absent tolling, it is apparent that the two-year limitations period has expired for all of defendants' conversion claims.

Moreover, defendants' argument that Pennsylvania law provides an exception to the statute of limitations for all allegations involving fraud is without merit. The provision cited by defendants, 42 Pa. Cons. Stat. § 5504(d), "merely authorizes courts to extend certain deadlines in cases of fraudulent concealment." *Pelino v. Hens-Greco*, 693 F. App'x 104, 107 (3d Cir. 2017). However, defendants have not argued that plaintiff concealed his alleged wrongdoing from them or that they could not have discovered it within the two-year limitations period. Further, defendants have not offered any other potential grounds for tolling.

The Court concludes that defendants' conversion claims must be dismissed as time-barred on the present state of the record.[4] The Court's decision is without prejudice to defendants' right to file amended counterclaims within twenty (20) days if warranted by the facts and the law as stated in this Order.

### III.   DEFENDANTS ANTHONY RUBBO AND THERESA FUNARI'S MOTIONS TO DISMISS

Defendants Anthony Rubbo and Theresa Funari move to dismiss plaintiff's RICO claims (Counts I & II) for failure to state a claim. Def. Rubbo's Mot. Dismiss 3-9. They further move to dismiss plaintiff's remaining claims (Counts III-IX) for lack of subject matter jurisdiction,

---

[4] In view of this ruling, the Court need not consider plaintiff's alternative argument under Federal Rule of Civil Procedure 12(b)(7) that defendants have failed to join an indispensable party.

arguing that those state law claims would lack an independent basis for federal jurisdiction if plaintiff's RICO claims are dismissed. *Id.* at 9-10. However, neither Anthony Rubbo nor Theresa Funari are named as defendants in Counts I or II of plaintiff's Complaint in which the RICO claims are asserted. The Court will not consider defendants' arguments in favor of dismissing RICO claims that have not been brought against them. *See Calabria v. Newmar Corp.*, No. 98–4026, 1999 WL 98574, at *1 n.1 (E.D. Pa. Feb. 26, 1999) (declining to consider part of a motion seeking dismissal of a count from a party not named in that count).

The Court thus denies defendants' motions as to Counts I and II of the Complaint. As defendants' subject matter jurisdiction argument is predicated on the dismissal of Counts I and II, the Court also denies defendants' motions to dismiss Counts III-IX based on lack of federal jurisdiction. The Court has supplemental jurisdiction over Counts III-IX under 28 U.S.C. § 1367(a).

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**